**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

STEVEN LEWIS SCOTT,          :
                                 :
         Plaintiff,         :
                                 :
         V.               :
                                 :      NO. 4:22-cv-00105-CDL-MSH
MUSCOGEE COUNTY        :
SUPERIOR COURT,          :
                                 :
         Defendant.     :

**ORDER**

Plaintiff Steven Lewis Scott, a detainee in the Muscogee County Jail in Columbus, Georgia, filed a handwritten document, which was docketed in this Court as a complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff did not either pay the Court's $402.00 filing fee or move for leave to proceed *in forma pauperis*. As a result, he was ordered to do so. Order, ECF No. 2. Plaintiff has now filed a response to that order and a motion to proceed *in forma pauperis*. Response, ECF No. 3; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 4.

## I.   Recast Complaint

As an initial matter, Plaintiff did not file his complaint on a 42 U.S.C. § 1983 complaint form, and it is not clear from his initial filing whether he actually seeks relief under that provision. In the filing, Plaintiff asserts that the Muscogee County Court Clerk is denying him access to the court in connection with his divorce petition. Compl. 1, ECF No. 1. Plaintiff asks this Court to forward his complaint for divorce to the Muscogee

1

County Clerk for filing.   *Id.*

This Court's role is to resolve active controversies between parties in litigation. This Court will not act as an agent for Plaintiff by forwarding his documents to the Muscogee County Court on Plaintiff's behalf.   Nevertheless, it appears possible that Plaintiff may be attempting to state a civil rights claim against the Muscogee County Clerk for denial of access to the Court.   *See id.*

To the extent that this is the case, this Court makes no comment at this time on the potential merits of any such claim.   Instead, it is now noted that Plaintiff's claim is not properly presented to this Court insofar as it is not filed on the proper form.   Thus, if Plaintiff wants to proceed on a § 1983 claim in this Court, he is now **ORDERED** to recast his claims by submitting a proper and complete 42 U.S.C. § 1983 form.   Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to file his recast complaint. Plaintiff's failure to fully and timely comply with this order will result in the dismissal of this case.

## II.   Motion to Proceed *In Forma Pauperis*

Additionally, as mentioned above, Plaintiff has filed a motion for leave to proceed in this action *in forma pauperis*.   The district courts may authorize the commencement of a civil action without prepayment of the normally required filing fee if the plaintiff shows that he is indigent and financially unable to pay the filing fee.   *See* 28 U.S.C. §1915(b). A prisoner seeking to proceed *in forma pauperis* under this section must provide the district court with both (1) an affidavit in support of his claim of indigence and (2) a certified copy

of his prison "trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint." *Id.* As it appears from Plaintiff's documentation that Plaintiff is unable to prepay the entire cost of commencing this action, his application to proceed *in forma pauperis* is hereby **GRANTED**.[1]

### A. Initial Partial Filing Fee

Even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). According to Plaintiff's account certification form, the average monthly deposits to Plaintiff's account for the four months that he was incarcerated before he filed the complaint equaled $134.00. Twenty percent of $134.00 is $26.80. Accordingly, it is hereby **ORDERED** that Plaintiff pay an initial partial filing fee of $26.80.

### B. Remainder of the Filing Fee

Additionally, Plaintiff is obligated to pay the remainder of the $350.00 filing fee, in

---

[1] In his response to the order to pay the filing fee or seek leave to proceed *in forma pauperis*, Plaintiff seems to be asserting that he received a million-dollar settlement in a separate action. Response 1-2, ECF No. 3. In his motion to proceed *in forma pauperis*, however, Plaintiff does not mention any such settlement and instead claims that he does not "own any cash" or "have any money in a checking or savings account." Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 4. Plaintiff should be aware that, if it is shown that he has been untruthful in his court filings, permission to proceed *in forma pauperis* may be withdrawn and he may be subject to sanctions.

installments, as provided in 28 U.S.C. § 1915(b)(1) and explained below.   The **CLERK**

shall therefore forward a copy of this **ORDER** to the business manager of the facility in

which Plaintiff is detained so that withdrawals from his account may commence as

payment towards the filing fee.   The district court's filing fee is not refundable, regardless

of the outcome of the case, and must therefore be paid in full even if Plaintiff's complaint

(or any part thereof) is dismissed prior to service.

### 1.   Directions to Plaintiff's Custodian

Because Plaintiff has now been granted leave to proceed IFP, it is hereby

**ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the

sheriff of any county wherein he is held in custody, and any successor custodians, each

month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding

month's income credited to Plaintiff's account at said institution until the $350.00 filing

fee has been paid in full.   In accordance with the provisions of the PLRA, Plaintiff's

custodian is hereby authorized to forward payments from the prisoner's account to the

Clerk of Court each month until the filing fee is paid in full, provided the amount in the

account exceeds $10.00.   It is further **ORDERED** that collection of monthly payments

from Plaintiff's trust fund account shall continue until the entire $350.00 has been

collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment

against him prior to collection of the full filing fee.

### 2.   Plaintiff's Obligations Upon Release

An individual's release from prison does not excuse his prior noncompliance with

the provisions of the PLRA.   Thus, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay those installments justified by the income to his prisoner trust account while he was still incarcerated.   The Court hereby authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law in the event Plaintiff is released from custody and fails to remit such payments.   Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

### III.   Conclusion

Thus, consistent with the above, Plaintiff is **ORDERED** to file a recast complaint and pay an initial partial filing fee of $26.80 if he wants to proceed with this action. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to take these actions.   Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this case.

The Clerk is **DIRECTED** to forward Plaintiff a blank 42 U.S.C. § 1983 form along with his service copy of this order (with the civil action number showing on both).   There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 29th day of August, 2022.


/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE