IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| STEVEN LEWIS SCOTT, : <br> : <br> Plaintiff, : <br> : <br> V. : <br> : <br> MUSCOGEE COUNTY : <br> SUPERIOR COURT, : <br> : <br> Defendant. : <br> _____ : | NO. 4:22-cv-00105-CDL-MSH |

### ORDER OF DISMISSAL

Plaintiff Steven Lewis Scott, a detainee in the Muscogee County Jail in Columbus, Georgia, filed a handwritten document, which was docketed in this Court as a complaint under 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff did not either pay the Court's filing fee or move for leave to proceed *in forma pauperis*. As a result, he was ordered to do so. Order, ECF No. 2. Plaintiff then filed a response to that order and a motion to proceed *in forma pauperis*. Response, ECF No. 3; Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 4.

On consideration of those filings, the United States Magistrate Judge granted Plaintiff leave to proceed in this action *in forma pauperis* and ordered Plaintiff to pay an initial partial filing fee of $26.80. Order, ECF No. 5. Plaintiff was also ordered to recast his complaint if he wanted to proceed with this action. *Id.* Plaintiff was given fourteen days to complete these steps and was cautioned that his failure to do so could result in the dismissal of this case. *Id.* Thereafter, the Court received two responses to the order to pay the filing fee and recast.

In the first response, Plaintiff asserted that he did not intend to file for leave to proceed *in forma pauperis* in a § 1983 complaint, but instead, he wanted to proceed *in forma pauperis* in his divorce case in the Muscogee County Courts.  Response 1, ECF No. 6.  He further stated that the instant case was intended only to explain to this Court what was happening to him and "see what [the District Judge] could do to help [him]."  *Id.*  He asserted that his filing "was taken the wrong way" and asked that the order granting him leave to proceed *in forma pauperis* and requiring him to pay the initial partial filing fee be stopped.  *Id.*  The second response was from the Office of the Sheriff of Muscogee County, stating that Plaintiff had a balance of twenty-four cents in his trust account, such that they were unable to forward the initial partial filing fee of $26.80.  Response 1, ECF No. 7.

On consideration of these filings, the United States Magistrate Judge noted that, although Plaintiff stated that he did not intend to pursue a § 1983 case, he had initiated a civil action in this Court by submitting a pleading seeking the Court's intervention and assistance.  Compl., ECF No. 1.  Under the Prison Litigation Reform Act, a prisoner who "brings a civil action" must pay the full filing fee.  *See Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)).  Therefore, the Magistrate Judge found that the fee was properly assessed in this case and denied Plaintiff's request that the filing fee order be withdrawn.  Order to Show Cause 2, ECF No. 8.

Nevertheless, the Magistrate Judge went on to conclude that the response from the Sheriff's Office demonstrated that Plaintiff did not have funds in his account to pay the

2

initial partial filing fee, such that his failure to pay the initial partial filing fee did not necessarily stop the Court from proceeding. *Id.* Because it was not clear whether Plaintiff wanted to proceed with this case, the Magistrate Judge gave Plaintiff an opportunity to show cause why this case should not be dismissed for failure to file a recast complaint. *Id.* at 2-3. The Magistrate Judge gave Plaintiff fourteen days to file his response and cautioned Plaintiff that his failure to fully and timely respond could result in the dismissal of this action. *Id.* at 3.

Plaintiff has now filed a response to that order. Recast Compl., ECF No. 9. Although Plaintiff filed the response on a 42 U.S.C. § 1983 complaint form, he states in the section regarding what relief he is seeking that this case was not intended to be § 1983 case but a letter to the Court. *Id.* at 5. Plaintiff asks that this case be dismissed, the order granting him leave to proceed *in forma pauperis* be withdrawn, and all funds paid from his prison account to be refunded. *Id.*

As discussed by the Magistrate Judge, Plaintiff initiated a civil action in this Court by submitting a pleading seeking the Court's intervention and assistance. *See* Compl., ECF No. 1. Under the Prison Litigation Reform Act, a prisoner who "brings a civil action" must pay the full filing fee. *See Hubbard v. Haley*, 262 F.3d 1194, 1197 (11th Cir. 2001) (quoting 28 U.S.C. § 1915(b)(1)). Thus, the Magistrate Judge properly assessed the filing fee in this case, and Plaintiff's request for the Court to rescind that order is **DENIED**.[1]

---

[1] It does not appear from the docket that any money has been paid toward the filing fee in this case.

3

Plaintiff's request that the case be dismissed is construed as a motion for voluntary dismissal, which is **GRANTED**. Plaintiff's case is therefore **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this **23rd** day of **November, 2022**.

S/Clay D. Land<br>
CLAY D. LAND<br>
U.S. DISTRICT COURT JUDGE<br>
MIDDLE DISTRICT OF GEORGIA